**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3516

_____

SANDRA CLOWNEY,
                                    Appellant

v.

URS/AECOM, URS FEDERAL SERVICES; I.A.M. INTERNATIONAL
ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS; IAMAW DISTRICT
LODGE 1; DISTRICT LODGE 1; LOCAL 1717

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-00223)
District Judge: Honorable Malachy E. Mannion

_____

Argued: December 10, 2020

Before: MCKEE, PORTER, and FISHER,
*Circuit Judges*.

(Filed: June 3, 2021)

_____

Neil F. MacDonald
Durkin MacDonald
536 East Drinker Street
Dunmore, PA 18512

Gerard J. Martillotti **[ARGUED]**
Jerry Martillotti & Associates
4221 Ridge Avenue
Philadelphia, PA 19129

    *Counsel for Appellant*

John M. Nolan, III
Jackson Lewis
1601 Cherry Street
Philadelphia, PA 19102

Marjorie N. Kaye, Jr. **[ARGUED]**
Jackson Lewis
666 Third Avenue
New York, NY 10017

    *Counsel for Appellee URS/AECOM, URS Federal Services*

John R. Bielski **[ARGUED]**
Willig Williams & Davidson
1845 Walnut Street
Philadelphia, PA 19103

    *Counsel for Appellees International Association of Machinists and Aerospace Workers and IAMAW District Lodge 1*

Linda M. Martin **[ARGUED]**
Willig Williams & Davidson
1845 Walnut Street
Philadelphia, PA 19103

    *Counsel for Appellees District Lodge 1 and Local 1717*

---

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Sandra Clowney appeals the District Court's order granting summary judgment to her employer and union. Clowney claims that her employer, AECOM and URS Federal Services, Inc. ("URS"), violated its collective-bargaining agreement by not rehiring her after a company-wide layoff. She also claims that the union[1] violated its duty of fair representation by (1) not pursuing her claim against URS, and (2) not including her in a settlement involving a different layoff. The record does not support her claims. The District Court properly granted summary judgment for the company and the union.

## I[2]

We assume the parties' familiarity with the facts of this case and the issues for review. We review the District Court's grant of summary judgment de novo. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 589 (3d Cir. 2005). "[S]ummary judgment is appropriate only where the parties have established that there is no genuine dispute of material fact and are 'entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). We "view the facts in the light most favorable to the non-moving party," and we "make all reasonable inferences in that party's favor." *Id.*

## II

Clowney sued URS for breach of a collective-bargaining agreement under Section 301 of the Labor Management Relations Act. *See* 29 U.S.C. § 185. Typically, an

---

[1] The union consists of the International Association of Machinists and Aerospace Workers, District Lodge 1, and Local 1717.

[2] The District Court had jurisdiction under 29 U.S.C. § 185. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 561 (1976). We have jurisdiction under 28 U.S.C. § 1291.

employee must exhaust the collective-bargaining agreement's arbitration procedures before suing in federal court. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 163 (1983). But when an employee claims wrongdoing by the union itself, she can bring a "hybrid" suit against both the employer and the union. *Id.* at 164. We treat such suits as two separate causes of action: the claim against the employer rests on Section 301 for breach of the collective-bargaining agreement, and the claim against the union is implied under the National Labor Relations Act for breach of the union's duty of fair representation. *Id.* To recover, Clowney must prevail on both claims. *See id.* at 165.

A union breaches its duty of fair representation only when its conduct toward one of its members is "arbitrary, discriminatory, or in bad faith." *Riley v. Letter Carriers Local No. 380*, 668 F.2d 224, 228 (3d Cir. 1981) (internal quotation marks omitted) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). When an employee files a grievance against an employer, "a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion." *Id.* (internal quotation marks omitted) (quoting *Vaca*, 386 U.S. at 191). "Perfunctory" means something more than "[m]ere ineptitude or negligence," and "[t]he fact that trained counsel would have avoided the error or pursued a different strategy is not enough." *Id.* The employee must show "actual bad faith or arbitrary conduct," *id.*, and cannot rely on "bare assertions," *Masy v. N.J. Transit Rail Operations, Inc.*, 790 F.2d 322, 328 (3d Cir. 1986).

Clowney makes two arguments in support of her claim that the union breached its duty of fair representation. First, she says the union did not fairly represent her when it asked her to produce evidence supporting her grievance against URS before the union

4

filed the grievance on her behalf. Second, she argues that the union did not fairly represent her when it excluded her from a labor settlement. Both arguments fail.

A

Clowney first argues that the union unfairly represented her in her grievance against URS. Her underlying grievance is that URS breached the collective-bargaining agreement by not recalling her as an equipment cleaner following a company-wide layoff in April 2013. She claims that the union breached its duty of fair representation by unreasonably demanding evidence of her former position as an equipment cleaner. We disagree.

Clowney has not shown that the union exhibited "actual bad faith or arbitrary conduct." *Riley*, 668 F.2d at 228. She worked as an equipment cleaner for Lockheed Martin, then as an ET-2 and ET-3 for Defense Services, and finally as an ET-3 for URS. It is not obvious that URS would know of Clowney's prior work as an equipment cleaner for Lockheed Martin. The record contains only one document showing that URS could have known of her prior work: a January 2012 form that Clowney herself filled out. Because of the limited evidence, the union requested that Clowney produce some proof of her former work as an equipment cleaner. She could not, and still has not. If "[t]he fact that trained counsel would have avoided the error or pursued a different strategy is not enough," much less is a request for evidence supporting a key fact of Clowney's grievance. *Id.* Clowney's inability to produce the requested evidence does not mean the union unreasonably asked for it. Regardless, the union filed her grievance against URS

anyway. Thus, "there is nothing to indicate that the Union has ignored [her] grievances because of bad faith." *Masy*, 790 F.2d at 328.

B

Clowney's second argument is that the union unfairly represented her by failing to include her in an arbitration settlement. The arbitration concerned reassignment of ET-2s involved in a September 2012 layoff. Under the collective-bargaining agreement, URS could require testing for employees trying to bump into the ET-2 cable-shop position, but it could not require testing for employees being reassigned to that position. URS had inappropriately required testing of the reassigned ET-2s, which led to the settlement agreement. Clowney was trying to bump (not reassign) into the ET-2 cabling position, so URS could properly require that she pass a cabling test. Clowney thus lacks direct evidence that she was unfairly excluded from the settlement.

Absent direct evidence, Clowney urges us to infer that she was unfairly excluded by pointing to other employees who were allegedly similarly situated to herself but were included in the settlement. This argument is also without merit. All the affidavits Clowney submitted are from employees who were ET-2s at the time of the September 2012 layoff, not ET-3s. Clowney was neither a part of the 2012 layoffs, nor was she an ET-2 at the time of her layoff in 2013. She was not similarly situated as the other employees included in the settlement.

Clowney points to one employee who was laid off with her in 2013 as an ET-3 and was included in the settlement. However, she has adduced no evidence showing that this employee was not part of the 2012 layoffs. In other words, Clowney has failed to provide

6

evidence of anyone who was included in the settlement agreement who should not have been. Without that evidence, we cannot infer that Clowney was unfairly excluded from the settlement agreement. Clowney must show that the union demonstrated "actual bad faith or arbitrary conduct" in excluding her from the settlement. *Riley*, 668 F.2d at 228. She has shown neither, so her fair-representation claim fails.

* * *

Clowney argues that her union breached its duty of fair representation by not standing up for her in a grievance proceeding and by excluding her from an arbitration settlement. She lacks sufficient evidence supporting her claims. Finding no dispute of material fact, we will affirm the District Court's grant of summary judgment.[3]

---

[3] Judge McKee does not think that summary judgment was appropriate because he believes there are genuine issues of material fact. He believes that Clowney identified at least one employee, Keith Labaty, who was similarly situated to Clowney and was included in a settlement Clowney was excluded from. He also believes there are sufficient questions surrounding URS's handling of Michael Fink to survive summary judgment. Facts surrounding Fink were not disputed.